# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

EDWARD DEAN        PLAINTIFF

v.        No. 2:05CV31-M-B

CORRECTIONS CORPORATION OF AMERICA, ET AL.        DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the April 14, 2006, Report and Recommendation of the Magistrate Judge in this *pro se* prisoner case. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that the defendants violated his First Amendment right to the free exercise of his religion in failing to provide him a diet in conformity with that religion. The plaintiff brought these claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* The parties filed cross-motions for summary judgment. The Magistrate Judge recommended dismissing the plaintiff's claims under 42 U.S.C. § 1983, but recommended rendering judgment in favor of the plaintiff on his claim under RLUIPA. The Magistrate Judge further recommended nominal damages because the plaintiff did not suffer more than *de minimis* physical injury, and he found that the plaintiff was entitled to injunctive relief – specifically that the defendants must provide the plaintiff with his special religious diet.

All parties objected to the Report and Recommendation. The plaintiff objected to the Magistrate Judge's ruling that the plaintiff was entitled only to nominal damages. The defendants objected to the court's reliance on RLUIPA, arguing that the court was without jurisdiction to entertain that claim because the prison at issue was a private corrections facility

that received no federal funds. The plaintiff was later moved to a Corrections Corporation of America prison in Hawaii. The defendants then supplemented their objections, arguing that the plaintiff's request for injunctive relief has become moot. For the reasons set forth below, the court shall overrule the plaintiff's objection, sustain the defendants' objection that the request for injunctive relief has become moot, and sustain the defendants' objection regarding the quantum of proof necessary to sustain the plaintiff's motion for summary judgment.

## Discussion

The plaintiff objected to the Report and Recommendation, arguing that he should be entitled to present proof of more than *de minimis* physical injury. This objection is without merit, as the plaintiff did not even allege more than *de minimis* physical injury, and his opportunity to present proof was during the pendency of his motion for summary judgment – not afterwards.

In their first objection to the Report and Recommendation, the defendants argued that the plaintiff's sworn conclusory statement that the Tallahatchie County Correctional Facility receives federal funds was insufficient to sustain a motion for summary judgment, citing *Lechuga v. Southern Pacific Transportation Company*, 949 F.2d 790, 798 (5th Cir. 1992), as well as *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993). That issue is a close one, as the cases cited refer to the evidence required to *rebut* a motion for summary judgment, not to *support* one. The defendants did not provide any *evidence*[1] in their response to the motion for summary

---

[1]In their objection to the Magistrate Judge's Report and Recommendation, the defendants argued that they rebutted the plaintiff's allegation by denying it in their answer. Unlike the plaintiff, however, the defendants did not sign the answer under penalty of perjury. The authorities the defendants cite in their objection hold that mere allegations in pleading cannot overcome sworn testimony.

judgment to rebut the plaintiff's sworn statement. The defendants have since provided their own sworn statement that the Tallahatchie County Correctional Facility does *not* receive federal funds. For the purposes of summary judgment, the affidavit presented by the defendants carries the same weight as the affidavit of the plaintiff.[2] This contested issue of fact is material to the outcome of the plaintiff's claim under RLUIPA; as such, the plaintiff's claims under RLUIPA are not ripe for resolution under either of the cross-motions for summary judgment. The court finds, however, that both the plaintiff and the defendants have misconstrued the RLUIPA requirement of federal funding, a requirement that will be discussed more fully below.

In their second objection to the Magistrate Judge's Report and Recommendation, the defendants argue that the plaintiff's claims for injunctive relief against the defendants must be dismissed as moot because the plaintiff has been transferred out of the Tallahatchie County Correctional Facility. The court agrees. Once a prisoner seeking injunctive relief against a prison has been moved from that prison, his claims for relief become moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). As such, the plaintiff's claims for injunctive relief against the defendants shall be dismissed as moot.

### Briefing on the Sole Remaining Factual Issue: Whether the State of Hawaii Receives Federal Funds for Corrections

The defendants have argued that RLUIPA does not apply to private correctional facilities unless those facilities receive funds directly from the federal government. The plaintiff and the

---

[2]If, indeed, Corrections Corporation of America does not receive federal funds – and if the State of Hawaii does not receive federal funds for corrections, then this court would be without subject matter jurisdiction to proceed. That is why the court has considered the untimely evidence submitted by the defendants, while declining to consider the plaintiff's request to consider untimely evidence regarding physical injury. The evidence the plaintiff seeks to admit would not affect jurisdiction.

defendants in this case have argued as if that factual circumstance is the sole means by which

Corrections Corporation of America could be found subject to RLUIPA. As discussed below,

however, the statute applies to any private prison housing inmates for a state – if that state

receives federal funds for corrections.

The statute's general rule reads:

### § 2000cc-1.Protection of religious exercise of institutionalized persons

(a) General rule

No ***government*** shall impose a substantial burden on the religious exercise of a person residing in or confined to an ***institution, as defined in section 1997 of this title***,[3] even if the burden results from a rule of general applicability, unless the government ***demonstrates[4]*** that imposition of the burden on that person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(b) Scope of application

This section applies in any case in which –

(1) the substantial burden is imposed in a ***program*** or ***activity*** that receives Federal financial assistance; or

(2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

42 U.S.C. § 2000CC-1 (emphasis added).

---

[3]A private prison qualifies as an "institution" under 42 U.S.C. § 1997, with some exceptions not applicable to this case.

[4]"Demonstrates" is defined as "meet[ing] the burdens of going forward with the evidence and of persuasion." 42 U.S.C. § 2000cc-5.

The statutory definitions of the terms emphasized above bear detailed examination.  The term "government" is defined within the statute to include private correctional facilities.

### § 2005cc-5.  Definitions

. . .

(4) Government

***The term "government" –***

(A) ***means –***

(I) a ***State***, county, municipality, or other governmental entity created under the authority of a State;

(ii) ***any*** branch, department, agency, ***instrumentality***, or official ***of any entity listed in clause (I); and***

(iii) ***any other person acting under color of State law . . . .***

42 U.S.C. § 2000CC-5 (emphasis added).

The Oxford English Dictionary defines "instrumentality" as "[t]hat which serves or is employed for some purpose or end; a means, an agency."  *Oxford English Dictionary, Second Edition* (1989), Oxford University Press.  In this case, Corrections Corporation of America is an instrumentality of the State of Hawaii, carrying out the purpose of housing inmates convicted under the laws of Hawaii.  As such, Corrections Corporation of America is, under RLUIPA, part of the "government" of Hawaii.  In addition, any person who participates in the holding of inmates for Corrections Corporation of America under the laws of Hawaii is also part of Hawaii's "government" under RLUIPA.

### Federal Funding to Support Jurisdiction Under RLUIPA

A more difficult question is that of federal funding; namely, whether a private prison must receive federal funds directly in order to fall under the jurisdiction of RLUIPA – or whether

receipt of federal funds by the state where the inmate's criminal judgment was rendered is sufficient to establish jurisdiction under the statute. The language at issue is that from the "Scope of application" section of RLUIPA, 42 U.S.C. § 2000cc-1 (b), which states:

> This section applies in any case in which –
>
> > (1) the substantial burden [on religious exercise] is imposed in a ***program*** or ***activity*** that ***receives Federal financial assistance***; or
> >
> > (2) the substantial burden [on religious exercise] affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several states, or with Indian tribes.

42 U.S.C. § 2000cc-1 (b) (emphasis added). The court will focus on the language in subsection (b)(1).

The statute defines "program or activity" and "program" as follows:

### § 2000d-4a. "Program or activity" and "program" defined

For the purposes of this subchapter, the term ***"program or activity"*** and the term ***"program"*** mean all of the operations of –

**(1)(A)** a ***department***, agency, special purpose district, ***or other instrumentality of a State or of a local government***; or

**(B)** the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

**(2)(A)** a college, university, or other postsecondary institution, or a public system of higher education; or

**(B)** a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;

**(3)(A)** an entire corporation, partnership, or other private organization, or an entire sole proprietorship –

> **(I)** if assistance is extended to such corporation, partnership,

> private organization, or sole proprietorship as a whole;  or
>
> **(ii)** which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation;  or
>
> **(B)** the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship;  or
>
> **(4)** *any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3)*;
>
> *any part of which is extended Federal financial assistance*.

42 U.S.C. § 2000d-4a (emphasis added).

At least one reading[5] of the statute leads to jurisdiction over a private prison housing inmates for a state.  This interpretation involves the language "the term 'program or activity' and the term 'program' mean all of the operations of . . . a department . . . or other instrumentality of a State or of a local government . . . any part of which is extended Federal financial assistance."  The phrase "any part of which is extended Federal financial assistance," appears to modify "of a State or of a local government" because those prepositional phrases are closer to the modifying phrase than are the words "a department . . . or other instrumentality."  Thus, under this interpretation, it appears that as long as the government of the state of the plaintiff's conviction receives federal financial assistance for corrections, then RLUIPA applies to the state and any of its instrumentalities carrying out the function of housing inmates.[6]

---

[5]Under the language in section 3(A) involving corporations, the court could find that private corrections institutions are "principally engaged in the business of providing . . . housing" and thus find RLUIPA applicable.  In light of its current holding, however, the court need not explore jurisdiction under section 3(A).

[6]The Supreme Court has held that the conditions on a state's receipt of federal funds must bear a rational relationship to the purpose of the funds.  *South Dakota v. Dole,* 483 U.S. 203, 207,

Another section of the statute states, "This chapter shall be *construed in favor of a broad protection of religious exercise*, to the maximum extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3 (g) (emphasis added). Congress thus *explicitly* set forth in the statute its intent for broad protection of a person confined to an institution to exercise his religion. With that broad protection in mind, the court finds that a state government accepting federal funds for prisons may not dispense with RLUIPA by contracting with third parties to carry out the state function of operating prisons.

Finally, the court notes that RLUIPA has dramatically shifted the burden of persuasion in prisoner cases alleging violations of the right to free exercise of religion:

(b) Burden of persuasion

If a plaintiff produces *prima facie* evidence to support a claim alleging a violation of the Free Exercise clause or a violation of section 2000cc of this title, ***the government shall bear the burden of persuasion on any element of the claim***, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.

42 U.S.C. § 2000cc-2 (emphasis added).

**Further Briefing**

The plaintiff is incarcerated under the laws of the State of Hawaii, which formed a contract with Corrections Corporation of America to house the plaintiff and other Hawaii inmates. Thus, under RLUIPA, Corrections Corporation of America has become part of the "government" of Hawaii. The only factual question remaining regarding the applicability of

---

107 S.Ct. 2793, 2795-96, 97 L.Ed.2d 171 (1987); *see also New York v. United States,* 505 U.S. 144, 167, 112 S.Ct. 2408, 2423, 120 L.Ed.2d 120 (1992). The protection of freedom of religious exercise in prisons is rationally related to the administration of prisons. Thus, in order to determine the applicability of RLUIPA to the defendants in this case, the court must inquire whether Hawaii – or Corrections Corporation of America – receives federal funds for prisons.

RLUIPA to Corrections Corporation of America is whether the State of Hawaii receives federal funds for any part of its state prisons. The court shall, by separate order, set a briefing schedule on this issue.

## Summary

The plaintiff's objections to the Magistrate Judge's Report and Recommendation shall be overruled; as such, should the plaintiff prevail on his claim under RLUIPA, he will be entitled only to nominal damages. In addition, the defendants' objection that the plaintiff's claims for injunctive relief have become moot shall be sustained. Therefore, the plaintiff's claims for injunctive relief shall be dismissed as moot. Further, the objection by the defendants to the quantum of proof required for the plaintiff to prevail on his motion for summary judgment shall be sustained. As such, the court declines to adopt the Magistrate Judge's finding that the plaintiff should prevail on his RLUIPA claim.

The court finds, however, that this final issue can be resolved without the necessity of a jury trial. The court shall therefore issue a separate order requiring the parties to brief whether the State of Hawaii receives federal funds for its corrections department – and the effect of such a finding on the plaintiff's claim under the Religious Land Use and Institutionalized Persons Act. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of August, 2006.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**