IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDWARD DEAN                                                                                          PLAINTIFF

v.                                                                                          No. 2:05CV31-M-B

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                                                 DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court after additional summary judgment briefing from the plaintiff and defendant on whether the Hawaii Department of Public Safety (which oversees corrections and other state functions) receives federal funding for the housing of inmates in private out-of-state prisons and thus falls under the jurisdiction of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"). In a previous memorandum opinion and order approving and adopting in part the Magistrate Judge's Report and Recommendation, the court ruled in favor of the defendants regarding all claims except one – the plaintiff's claim under RLUIPA. The plaintiff's sole remaining claim in this case is that the defendants violated RLUIPA by failing, *inter alia*, to provide the plaintiff with a diet comporting with the requirements of his religion. For the reasons set forth below, the court holds: (1) that the court has jurisdiction to decide the RLUIPA claims in this case, (2) that the plaintiff's motion for summary judgment as to his claims under RLUIPA shall be granted, and (3) that, as discussed in the court's previous memorandum opinion, the plaintiff's recovery shall be limited to nominal damages.

## The RLUIPA Requirement of Federal Funding

Statutory construction and interpretation is a "holistic endeavor." *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates*, *Ltd.*, 484 U.S. 365, 371 (1988). A court must examine all of a statute's text at issue to determine the legislative intent of any one portion or paragraph. *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 455 (1993).

The language of RLUIPA is not a model of clarity. The statute's general rule reads:

**§ 2000cc-1. Protection of religious exercise of institutionalized persons**

(a) General rule

> No **government** shall impose a substantial burden on the religious exercise of a person residing in or confined to an **institution**, as defined in section 1997 of this title,[1] even if the burden results from a rule of general applicability, unless the government demonstrates[2] that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

(b) Scope of application

> This section applies in any case in which –
>
> (1) the substantial burden is imposed in a **program** or **activity** that receives Federal financial assistance; or
>
> (2) the substantial burden affects, or removal of that substantial

---

[1] A private prison qualifies as an "institution" under 42 U.S.C. § 1997, with some exceptions not applicable to this case.

[2] "Demonstrates" is defined as "meet[ing] the burdens of going forward with the evidence and of persuasion." 42 U.S.C. § 2000cc-5.

> burden would affect, commerce with foreign nations, among the
> several States, or with Indian tribes.

42 U.S.C. § 2000cc-1 (emphasis added).

Thus, to determine the scope of application of RLUIPA, the court must next examine the definitions of "government," "program," and "activity," which are found in 42 U.S.C. § 2000cc-5(4) and 42 U.S.C. § 2000cc-5(6):

> (4) *Government*
>
> *The term "government" –*
> (A) *means –*
>
> (I) a *State*, county, municipality, or other governmental entity created under the authority of a State;
>
> (ii) *any* branch, department, agency, *instrumentality*, or official *of any entity listed in clause (I); and*
>
> (iii) *any other person acting under color of State law . . . .*
>
> . . .
>
> (6) *Program or activity*
> The term *"program or activity"* means all of the operations of any entity *as described in paragraph (1) or (2) of section 2000d-4a of this title*.

42 U.S.C. § 2000cc-5(4) and 42 U.S.C. § 2000cc-5(6) (emphasis added).

Under 42 U.S.C. § 2000d-4a (1) and (2), one can find the remainder of the definition:

> *For the purposes of this subchapter, the term **"program or activity"** and the term **"program"** mean all of the operations of –*
>
> **(1)(A)** *a department, agency, special purpose district, or other instrumentality of a State or of a local government*; or
>
> **(B)** the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or

local government;

**(2)(A)** a college, university, or other postsecondary institution, or a public system of higher education; or

**(B)** a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;

. . .

*any part of which is extended Federal financial assistance*.

42 U.S.C. § 2000d-4a (1) and (2)(emphasis added).

### The Defendants Are Subject to RLUIPA

The court must distill the statutory mandate of RLUIPA into rules and apply those rules to the case at hand. First, the defendants (as instrumentalities of the state of Hawaii) shall not impose a substantial burden on the religious exercise of the plaintiff – even if the burden results from a rule of general applicability – unless the defendants prove that imposition of the burden on the plaintiff is (1) in furtherance of a compelling governmental interest; and (2) that imposition of the burden is the least restrictive means of furthering the compelling governmental interest.

Second, as shown by the documents provided by the defendants during briefing, the federal government provides aid to the state of Hawaii's Department of Public Safety, which is responsible for administering corrections in Hawaii. As such, the Hawaii Department of Public Safety is a subdivision of Hawaii's state government that receives and distributes federal assistance for corrections – and thus falls under the definition of "program" or "activity." In addition, the state of Hawaii, through its Department of Public Safety, entered into a contract with Corrections Corporation of America to take custody of various Hawaii inmates for the state.

As such, for the purposes of RLUIPA, Corrections Corporation of America and the Tallahatchie County Correctional Facility are simply an instrumentality of the Hawaii Department of Public Safety. Hence, under RLUIPA, the program or activity placing a burden on the plaintiff's exercise of his religion is the Hawaii Department of Public Safety, which receives federal financial assistance. The court therefore has jurisdiction to hear the plaintiff's claims against the defendants under Religious Land Use and Institutionalized Persons Act.

This holding is consistent with the intent of the drafters of RLUIPA, who included a provision requiring broad interpretation of the statute to provide the most protection for religious exercise: "This chapter shall be *construed in favor of a broad protection of religious exercise*, to the maximum extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3 (g) (emphasis added). Under that broad interpretation, the court finds that a state government accepting federal funds for prisons may not dispense with requirements of RLUIPA simply by contracting with third parties to carry out the state function of operating prisons.

## Defendants' Arguments Not Persuasive

The defendants' arguments to the contrary are not persuasive. In crafting a definition of "program or activity" in § 2000cc-5(6), the drafters looked only to paragraphs (1) and (2) of § 2000d-4a, but singled out the third and fourth paragraphs for omission. Paragraph (3)(A) of § 2000d-4a (which was excluded from the reach of RLUIPA) would have applied to private entities:

> an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole or . . . which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation . . . any part of which is extended Federal

financial assistance.

The defendants argue that the drafters of RLUIPA did not intend for a private entity such as Corrections Corporation of America to be considered a "program or activity" because Paragraph (3)(A) of § 2000d-4a (which was intentionally excluded from the RLUIPA definition of "program or activity") specifically addresses private entities principally engaged in housing. The defendants argue that had Congress intended to include such private entities in the broad language of paragraph (1) ("other instrumentality of a State of local government"), then paragraph (3)(A) would be subsumed in paragraph (1) and thus have no purpose. The court disagrees with this interpretation because a holistic approach to statutory interpretation leads to the opposite conclusion.

Paragraph (1)(A) of Section 2000d-4a includes within the jurisdiction of RLUIPA "all the operations of . . . a department . . . or other instrumentality of a State or local government . . . any part of which is extended Federal financial assistance." This broad language covers nearly any state government or subdivision thereof, including private entities that can be described as instrumentalities of that government. Paragraph 3(A) of § 2000d-4a includes private entities principally engaged in "providing education, health care, housing, social services, or parks and recreation . . . any part of which is extended Federal financial assistance." This language covers nearly any private business entity – individual or corporate – engaged in the various businesses named in paragraph 3(A). Though it is possible to find examples of entities that would fit within the descriptions of both paragraph 1(A) and 3(A), it is also possible to find examples in paragraph 3(A) that would not fit within paragraph 1(A). Take, for example, a private corporation in the business of providing reduced rent apartment housing for the disabled. If such

a corporation received federal financial assistance, it could *not* be defined as an instrumentality of a state or local government, but *could* be defined as a private organization principally engaged in the business of housing. Therefore, such a corporation would fit within the parameters of Paragraph 3(A), but not within the parameters of Paragraph 1(A). As such, Paragraph 3(A) is not completely subsumed within Paragraph 1(A), even though some entities might fall within the parameters of both. For these reasons, the court holds that the defendants in this case are instrumentalities of the Hawaii Department of Public Safety, a program or activity which receives federal financial assistance. As such, the court may exercise jurisdiction to decide the plaintiff's claims under RLUIPA.

## The Plaintiff's Recovery Is Limited to Nominal Damages

RLUIPA has dramatically shifted the burden of persuasion in prisoner cases alleging violations of the right to free exercise of religion:

> (b) Burden of persuasion
>
> If a plaintiff produces *prima facie* evidence to support a claim alleging a violation of the Free Exercise clause or a violation of section 2000cc of this title, ***the government shall bear the burden of persuasion on any element of the claim***, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.

42 U.S.C. § 2000cc-2 (emphasis added).

As discussed in the court's previous memorandum opinion and judgment, the plaintiff has presented evidence to support his claim that the defendants have violated his right to free exercise of religion under RLUIPA. The defendants did not counter this evidence with argument or proof; therefore, they have not carried the burden of persuasion place upon them by the statute. Simply put, the defendants have not established a compelling state interest to justify denying the

plaintiff his specialized diet of raw fruits, vegetables, and cheese. Hence, the plaintiff is entitled to judgment as a matter of law on this issue. RLUIPA does not expand a prisoner plaintiff's rights under the Prison Litigation Reform Act, as amended. 42 U.S.C. § 2000cc-2(e). The plaintiff has alleged and proved no more than *de minimis* injury. Therefore, he is entitled to nominal damages only. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir 2005). Thus, the court finds that the plaintiff is entitled to nominal damages, which the court finds to be $1.00. *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (one dollar is appropriate award for nominal damages). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of March, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**